**[Cite as *In re K.M.*, 2017-Ohio-407.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re K.M.

Court of Appeals No. L-16-1202

Trial Court No. JC 15248318

**DECISION AND JUDGMENT**

Decided: February 3, 2017

* * * * *

Adam H. Houser, for appellant.

Angela Y. Russell, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas, Juvenile Division, that terminated the parental rights of appellant mother and

granted custody of her minor child K.M. to appellee Lucas County Children Services.

For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} K.M. was born in May 2015.  The record reflects that, although the child tested positive for cannabis at the time of birth, mother was permitted to leave the hospital with the newborn.

{¶ 3} On June 10, 2015, Lucas County Children Services ("LCCS"/"the agency") filed a complaint in dependency and motion for shelter care hearing.  In the complaint, the agency stated that it received a referral from the hospital following K.M.'s birth stating that the baby tested positive for marijuana.  Appellant and the baby's father met with an LCCS caseworker at the hospital to discuss services.  The agency soon learned that there had been an incident of domestic violence between mother and father during mother's pregnancy and that father had recently started domestic violence services.  The parents signed an in-home safety plan with the agency and both parents were in contact with the caseworker weekly.  The complaint further stated that on June 4, 2015, after providing urine screens, father had tested positive for marijuana, cocaine and opiates.  Mother had tested positive for marijuana.  On June 9, 2015, when the caseworker went to the family home, she observed mother with a black eye.  When mother was questioned about the injury, she reported that she had fallen down the stairs.

{¶ 4} The complaint further stated that mother had lost permanent custody of another child in 2013.  Further, the agency stated that father had been charged with domestic violence in April 2015. Mother was listed as the victim but the matter was dismissed when mother failed to appear to prosecute.  The complaint also stated that mother was charged with domestic violence in that same incident for allegedly

2.

threatening father with a knife. That charge remained pending at the time the complaint was filed. A hearing on the complaint was held that same day and interim temporary custody of K.M. was granted to the agency.

{¶ 5} At the adjudication hearing held July 27, 2015, the trial court found K.M. to be a dependent child and temporary custody was awarded to the agency. Case plan services were offered to the parents with a goal of reunification.[1] As to mother, the case plan required successful completion of a domestic violence survivor's class, substance abuse and mental health assessment, compliance with recommendations and random urine screens, and successful completion of an agency approved parenting program with implementation of the skills learned in the course.

{¶ 6} On March 31, 2016, the agency filed a motion for permanent custody, stating that both parents had failed to substantially remedy the issues that caused the child to be placed outside the home and had not completed case plan services. In its motion, the agency alleged that mother had not completed substance abuse treatment or demonstrated stability in her mental health, had stopped attending case plan services in order to care for father, demonstrated difficulty managing her emotions, and had not been referred to a parenting class due to a lack of progress in addressing mental health and substance abuse issues. The agency also stated that mother had lost permanent custody of two children and legal custody of another.

---

[1] Father of K.M. has not appealed the trial court's judgment.

3.

**{¶ 7}** Trial was held on the agency's motion on August 16 and 19, 2016.  By judgment entry filed September 6, 2016, the trial court granted the agency's motion.  In its judgment entry, the trial court found, by clear and convincing evidence, that K.M. was not abandoned or orphaned and could not be placed and should not be placed with either of the parents within a reasonable period of time, and that an award of permanent custody to LCCS is in the child's best interest.  In support, the trial court found, pursuant to R.C. 2151.414(E)(1), that mother had failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home.  The trial court found that mother did not successfully complete any of the case plan services and had not exhibited any changes in behavior that would allow the child to be safely returned to the home.

**{¶ 8}** The trial court further found the following:  mother was diagnosed with cannabis dependency and recommended for intensive outpatient treatment, which was not completed; mother was diagnosed with mood disorders and depression and was prescribed psychotropic medications and mother experiences behavioral outbursts and displays hostility toward others that demonstrate that her mental health is still an issue. The trial court concluded, pursuant to R.C. 2151.414(E)(2), that mother's chronic mental illness and chronic chemical dependency are so severe that she would be unable to provide a permanent home for K.M. within one year following the hearing.

**{¶ 9}** Additionally, the trial court found, pursuant to R.C. 2151.414(E)(11), that mother has had her parental rights involuntarily terminated with respect to a sibling of

4.

K.M. and had lost permanent custody of two other children following children services involvement. The trial court found that mother had failed to provide clear and convincing evidence that, notwithstanding the prior terminations, she could provide a legally secure permanent placement and adequate care for K.M.

{¶ 10} The trial court considered all of the best interest factors required under R.C. 2151.414(B)(1) and 2151.414(D)(1)(a-e) and found by clear and convincing evidence that it is in the best interest of K.M. to grant permanent custody to LCCS as opposed to any other placement or custody arrangement. The court noted that K.M. is doing well in her current placement, where she has been since her initial removal from the home in June 2015, and that there are no relatives or other individuals willing to take legal custody of the child. Lastly, the trial court found that LCCS has made reasonable efforts to avoid the continued removal of K.M. from the home by providing services for mental health, substance abuse and domestic violence, and bus passes to facilitate appointments and visitations. The trial court therefore ordered that permanent custody of K.M. be awarded to LCCS for adoptive placement and planning.

{¶ 11} Appellant now appeals, setting forth the following assignments of error:

    1. The finding that the child could not be placed with appellant within a reasonable time was against the manifest weight of the evidence.

    2. The court made reversible error when it forced mother to go to trial with an attorney that was fired by mother and her right to counsel was

5.

violated as there was a complete breakdown of the attorney client relationship.

{¶ 12} In support of her first assignment of error, mother asserts that she needed more time to complete the mental health and domestic violence portions of her case plan because the child's father underwent two surgeries during that time and mother was his primary caregiver. Appellant insists that the agency should have requested a six-month extension of temporary custody available under R.C. 2151.415(D).

{¶ 13} To support a finding that a child cannot be placed within a reasonable time with either of his or her parents, the factors listed under R.C. 2151.414(E) must be considered. In other words, the juvenile court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1)-(12) exist with respect to each of the child's parents. *In re Ranker*, 11th District Portage No. 99-P-0072, 2000 Ohio App. LEXIS 4662 (Oct. 6, 2000). Clear and convincing evidence is more than a mere preponderance of the evidence. Rather, it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Id.*

{¶ 14} At the dispositional hearing, the trial court heard testimony from mother, her Zepf Center drug counselor, mother's two LCCS caseworkers and K.M.'s guardian ad litem. In support of its finding that K.M. could not and should not be placed with mother or father within a reasonable period of time under R.C. 2151.414(E), the juvenile court found that R.C. 2151.414(E)(1), (2) and (11) applied with respect to both parents.

6.

Relevant to the trial court's determination of the applicability of R.C. 2151.414(E)(1), several witnesses testified at the dispositional hearing that mother had failed to complete any of her services and had not remedied the conditions causing K.M. to be placed outside the home. The caseworkers and mother's Zepf therapist testified that mother had not completed substance abuse services and was considered non-compliant.

{¶ 15} As to the court's finding under R.C. 2151.414(E)(2), mother's chemical dependency and chronic mental illness was undisputed. Social workers and mother testified as to mother's history of cannabis dependency and years of mental health struggles and treatment for which she was prescribed various psychotropic medications. Mother also was referred to intensive outpatient treatment which she never completed.

Finally, concerning the trial court's finding pursuant to R.C. 2151.414(E)(11), it was undisputed that mother previously lost legal custody of one of her older children and lost permanent custody of two other children.

{¶ 16} In this case, as summarized above, the trial court clearly heard sufficient evidence to support its finding that K.M. could not be placed with either parent within a reasonable time. Based on the foregoing, appellant's first assignment of error is not well-taken.

{¶ 17} In support of her second assignment of error, appellant asserts that the trial court forced her to go to trial with an attorney she wanted to fire. Appellant argues that there was a complete breakdown of the attorney-client relationship.

7.

**{¶ 18}** "The request of a defendant to discharge his * * * counsel will be granted only if he can show a breakdown in the attorney-client relationship of such a magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph four of the syllabus.

**{¶ 19}** The record here reflects that appellant was given new trial counsel in May 2016 after original counsel withdrew. At the pretrial held on May 17, 2016, neither appellant nor counsel indicated there were any issues requiring a change of counsel.

**{¶ 20}** At the beginning of the disposition hearing on August 16, 2016, the trial court questioned counsel as to any preliminary matters. Appellant made a brief statement but did not mention any dissatisfaction with her counsel. However, after the direct testimony of the first witness, trial counsel indicated that appellant had asked him to withdraw:

> THE COURT: Mr. Witherell.
>
> MR. WITHERELL: Your Honor, based on my client's request, I believe I'm obligated to request to withdraw from representing her in this case. That is my understanding of her wishes.
>
> THE COURT: Mr. Witherell – well, I'll ask your client if she cares to give me any further information. Why you would ask that your lawyer –

8.

[APPELLANT]: Because from day one we've not been properly represented. We've just been tossed every lawyer, every lawyer. This is not done right. Ya'll--no. The truth will come out.

THE COURT: That request is denied.

{¶ 21} Our examination of the record leads us to conclude that trial counsel herein was performing his duties as mother's attorney to the best of his ability when working with a  belligerent client, and that he performed in a competent and attentive manner. There appears to have been no breakdown in the relationship or any evidence counsel was neglectful in his representation of appellant. Throughout the trial, counsel requested recesses to consult with appellant, which indicates that there was some communication. Counsel questioned every witness and called appellant as her own witness twice. Counsel also offered evidence on appellant's behalf. Therefore, we find that appellant was not prejudiced and the trial court did not err by denying appellant's request for new counsel. Appellant's second assignment of error is not well-taken.

{¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                          JUDGE

Thomas J. Osowik, J.

                                          _____
James D. Jensen, P.J.                                     JUDGE
CONCUR.

                                          _____
                                                          JUDGE